[No. 38346.    Department One.    March 2, 1967.]

CHARLES F. WYATT, JR., et al., *Appellants*, v. ARMCO STEEL CORPORATION, *Respondent*.*

*Donald J. Horowitz* (of *Schroeter, Farris, Bangs & Horowitz*), for appellants.

*Bogle, Gates, Dobrin, Wakefield & Long* and *Robert V. Holland*, for respondent.

LANGENBACH, J.†—Plaintiff husband was a steel worker employed by a building contractor to assist in the installation of steel joists as roof supports in an addition to a Seattle school. The joists were composed of a top chord and a bottom chord of pressed steel separated by a web of transverse steel bars. The joists were 20 inches high, 38 feet ½ inch long, and weighed from 400 to 600 pounds. The building contractor had purchased these joists from the defendant through a sales agent. The defendant had prefabricated them at its factory in Missouri according to definite plans and specifications and had shipped them to Seattle.

In installing the joists it was necessary to place them in brackets set into the top of concrete walls. Four men, two on each end, were required to place the joists in their proper brackets. They were then welded in place.

At the time the events in issue occurred, eight joists had been installed without incident. The ninth was found to be too long for the space between the walls. The top chord was shortened, but the bottom chord was not changed. Then, while two men held one end of the joist in place on the east wall, plaintiff and his foreman lifted the west end up to slide it along on the top of the wall to its bracket. However, the bottom chord was too long and it caught against the wall. This caused a spring action in the joist which whipped back knocking plaintiff through a window opening and to the ground some 30 feet below. He sustained serious injuries.

Plaintiff sued defendant for negligence in the manufacture of the joist and for breach of warranty, express or implied. Defendant appeared specially, objecting to the jurisdiction of the court in the manner of service. This objection was overruled and a subsequent application for a writ of prohibition being denied, defendant alleged contributory negligence. After a jury trial, verdict was returned for the defendant. Plaintiff has appealed.

*Reported in 424 P.2d 918.

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Assignments of error 3, 4, 5, 8, 9, 10 and 11 attack the submission of certain instructions. On the issue of negligence the trial court submitted to the jury an instruction raising the question of whether plaintiff was contributorily negligent (and refused to instruct that plaintiff was not contributorily negligent as a matter of law). On the issue of breach of warranty, instructions were submitted raising the questions of whether the use of the joist was such as one might reasonably have anticipated and whether that use was with knowledge of any defect.

In each assignment of error plaintiff argued that there was no evidence in the record to support the submission of these instructions. We disagree. There was evidence that the joists were exactly 38 feet ½ inch long as required by the specifications and that at the place of the accident a distance of only 37 feet 11¾ inches separated the walls. There was evidence that plaintiff helped his foreman measure the top chord of the joist and found it to be too long to be fitted into the space between the walls. The top chord was accordingly shortened. No effort was made to measure the bottom chord and it was this bottom chord which struck the wall causing the spring or vibration in the joist which resulted in plaintiff's injuries. In fitting several of the joists it was necessary to chip out portions of the concrete walls behind the brackets in order to properly insert the joists.

Assignments of error six and seven attacked the trial court's sustaining of objections to questions and offers of proof. The court sustained objections (1) to a question directed to the foreman regarding whether it was "unusual" to handset these joists, and (2) to an offer of proof regarding the "risks and hazards" of handsetting joists. The record disclosed that either before or after these objections very similar questions and answers appeared. Nevertheless, whether handsetting operations were unusual and what risk or danger was involved were questions of ultimate fact for the jury. The court attempted to limit testimony to particular facts such as how joists were installed and what happened during installation from which the jury could decide how unusual and dangerous was the method of handsetting joists. There was no error.

In his effort to defend against contributory negligence plaintiff asked the foreman certain questions. He testified, without objection, that plaintiff was working under his "directions" and that he was "supervising" the procedure. He agreed that he was the one who said "put it in there and we will pull this end around here." Plaintiff then asked "so he was under your control?" Defendant objected "to any more of this" because the claim was against the manufacturer and not against plaintiff's employer. Inasmuch as the same testimony had just been given this was at least repetitious. The objection was properly sustained.

The trial court sustained defendant's objection to plaintiff's attempted impeachment of a witness. Plaintiff's final assignment of error attacked this action of the trial court. We find no error because the record

revealed that a proper foundation for impeachment was not laid and plaintiff made no offer of proof.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and HALE, JJ., concur.